The opinion of the court was delivered by
TiighmaN, C. J.
The title of Catherine Jenkins, as one of the heirs of her mother, is not denied. Neither is it denied, that in general, no act, deed, or conveyance, executed by an infant, can pass from him his real estate. But it is contended, that although the law allows the plea of. infancy, as a good defence, it will not permit the infant to convert it into an offensive weapon, for the purpose of defrauding others. It is not necessary to decide, whether there may not be cases of such gross and palpable fraud, committed by an infant arrived at an age of discretion, as would render it proper to punish him by the loss of his land. The question is, whether such a case was disclosed by the evidence offered by the defendants.
Infants would be deprived of almost all protection, if it should be established as a maxim that their contracts should be binding, in all cases where they endeavoured to gain an advantage by improper artifices. One strong reason for their protection is, that they are incapable of fully comprehending the obligation of moral duties. The law presumes that their understanding has not arrived at maturity. If an infant wishing to engage in trade or commerce, should purchase goods on credit, representing himself to be of full age, this, though extremely reprehensible, would not make the contract obligatory. So, if under a similar misrepresentation he should borrow money, and give his bond for it, payment could not be compelled.
Now, what was the fraud which could have been established by the evidence offered in the present instance? As to a general allegation that the defendants would give evidence to prove fraud, it is not to be regarded. That kind of notice is not sufficient. The plaintiffs must be informed of the particular acts of fraud intended to be proved, in order that they may know what it is they have to answer. The particular acts specified, in the notice in this case were, that the infant executed a release in collusion with her guardian, having first chosen him guardian, for the purpose of cheating the defendants, and then deceived the defendants by persuading them that their title would be confirmed by the release; and, further, that having thus deceived them, she prevailed on them to pay her three hundred pounds, as her share of her mother’s estate. These appear to me to be circumstances much too weak, to make out a case, in which this infant should be deprived of her land. She told no falsehood, she did not pretend to be of full age. And the probability is, that acting under her father’s influence, she was ignorant of the law, and really supposed that the release of her guardian and herself would confirm the title of the defendants. It is not to be imagined, that a girl of seventeen should be ac *404 quainted with the law of contracts. And what man of common prudence could be deceived by her assertions in matters of law? Why did not the defendants consult their own counsel, rather than rely on the opinion of a child ? Whether it is honourable in her, and her husband, to sue for the land, after her having received the value of it in money is another matter, with which this Court has nothing to do. But I am clearly of opinion, that there was nothing in the evidence offered by the defendants, which should make the plaintiffs’ ease an exception from the general rule, that an infant can make no contract by which he can be divested of his real estate. But there are other matters to be considered. The defendants contend, that they should have been permitted to give in evidence, the will of James Hamilton, by which he devised large property to his daughter Catherine, which is now enjoyed by her and her husband; — that this made a case of election, in which the plaintiffs could be compelled to relinquish, either the property devised by the will, or that which was claimed by Catherine as one of the heirs of her mother. But this is not a ease to which the principle of election is applicable. A man who takes one piece of property under a will, shall not be permitted to take another in direct opposition to it. He must either abide by the will or reject it, in toto. A. has two acres of land, cine of which he holds in tail, and the other in fee. If he devises the acre held in fee to his eldest son B., and that held in tail to his second son C, B. (the heir in tail,) cannot take the acre held in tail, as heir in tail, and that held in fee, under the devise in the will, — he must make his election to take one or the other, but cannot take both. So, in the present case, if James Hamilton had devised the land in dispute to the defendants, and other land to his daughter Catherine, he might have been put to his election, to take one or the other, but could not take both. But that is not the ease — he has made no devise of the land claimed by the defendants, and therefore Catherine does not contradict the will, by suing for the land sold by her father to the defendants. But the defendants are not without remedy. They have James Hamilton’s covenant to convey this land, with a good title free from all incumbrances. An action lies on this covenant, in which, if damages are recovered, an execution may be levied on the land devised to Catherine Jenkins the plaintiff. It appears, on the whole, then, that the evidence offered by the defendants would have been of no avail, if it had gone to the jury; consequently, that the court were right in rejecting it. I am therefore of opinion, that there was no error, and the judgment should be affirmed.
Judgment affirmed.